**In re CALUMET REALTY COMPANY and Magoune Holding Corporation, as Co-Partners trading as "North Towne Investors" and "North Towne Apartments" (a partnership), Debtors.**

**CALUMET REALTY COMPANY and Magoune Holding Corporation, as Co-Partners trading as "North Towne Investors" and "North Towne Apartments" (a partnership), Plaintiffs,**

v.

**PHILADELPHIA GAS WORKS, Defendant.**

**Bankruptcy No. 80–02476K.**
**Adv. No. 82–1346K.**

United States Bankruptcy Court, E. D. Pennsylvania.

June 21, 1982.

Robert Kargen, Philadelphia, Pa., for debtors/plaintiffs.

.John F. Egan, Philadelphia, Pa., for defendant.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on the debtors' request for a preliminary injunction to enjoin the Philadelphia Gas Works from discontinuing service to their apartment complex known as North Towne Apartments.[1] A hearing on the matter was held on June 17, 1982, at which time the debtors were twelve (12) months behind in payments to the PGW with total arrears in excess of $46,000. Plaintiffs seek this injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, as incorporated by Rule 765 of the Rules of Bankruptcy Procedure. A temporary restraining order was issued for the plaintiff by this Court on June 7, 1982, at which time a hearing was set for a preliminary injunction. The debtors seek injunctive relief to prevent PGW from continuing with the cut-off of service.[2]

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Rule 765 adopting Rule 65 of the Federal Rules of Civil Procedure provides in relevant part...
   In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if he does not do so, the court shall dissolve the temporary restraining order.

 

The debtors allege that they are presently negotiating the sale of an interest in their business to complete a successful Chapter 11 reorganization. The debtors have testified that the sale of the part interest of the corporation may be imminent, and that negotiations include the proviso that the purchaser pay-off all arrearages to PGW. The injunctive relief sought by the debtors will maintain the status quo in regard to their account with PGW until such time that the sale is reached, finalized, and approved by this Court.

The debtors contend that if injunctive relief is denied they will suffer irreparable harm, when PGW discontinues gas service to the debtors' apartments. The debtors foresee the result of such discontinuance to be (a) an exodus of a large number of tenants, (b) the withholding of rent by tenants, and (c) an unwillingness for other persons to deal with the debtors' business. The cumulative effect of which would be to reduce the debtors' cash flow. The end result would be to force the liquidation of the debtors' business and assets.

Debtors also contend that a large turnover in tenants has brought to North Towne Apartments more desirable and credit-worthy tenants, thus producing higher occupancy rates and improving the debtors' cash flow. This turn of events enables the debtors to make present payments to PGW when the injunction would take effect. The effect of the injunction would thus be to preserve the status quo, and to allow the debtors an opportunity to effectuate a successful reorganization under Chapter 11. The debtors have offered payment of $4,000.00 to PGW to manifest their good faith intention of paying the debt to PGW should the injunction be entered. Without the issuance of an injunction, PGW would not be able to collect this money at all since its claim is unsecured.

In balancing the respective harm to the parties, this Court finds the irreparable harm the debtors would suffer if the injunction is denied would far outweigh the harm to PGW. The failure to impose an injunction would result in the immediate loss of gas service to the debtors' apartment units. The PGW, on the other hand, will receive current payments throughout the injunction time period from the debtors, placing PGW in no worse of a position than it is already exists.[3]

The Court will enjoin PGW for sixty (60) days from discontinuing gas service to North Towne Investors, The North Towne Apartments, and that North Towne Investors will be directed to turn over to PGW, within five (5) days of the issuance of this Order, the amount of $4,000.00. North Towne Investors will also be Ordered to pay PGW for current services billed throughout this sixty (60) day period from the date this Order is entered.

---

**3.** The Court finds that PGW's position would be enhanced due to the $4,000.00 payment that the debtors are willing to pay on account of cumulated arrearages.